No. 22,799.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
TREGO, *Appellee,* v. THE TOPEKA BRIDGE & IRON COMPANY,
AND THE LION BONDING & SURETY COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

1. COUNTY-LINE BRIDGE—*Defective Work and Materials—Action for
Damages by County With Whom Contract was Made.* Where a
county contracts with a builder for the construction of a bridge on
the county line and pays to the builder the full contract price, although
the adjoining county reimburses the contracting county for one-half
of the contract price, the latter county may maintain an action against
the builder for damages for the entire contract price where the bridge,
on account of noncompliance with plans and specifications, is destroyed
by high water.

2. SAME—*Proper Evidence to Prove Defective Workmanship and Ma-
terials.* To prove that the workmanship and material in the concrete
abutment of a bridge was defective, samples taken from the abutment
after it had been blasted open with dynamite may be introduced in
evidence.

3. SAME—*Cracks in Concrete Bridge.* Repairing cracks in a concrete
bridge will not remedy defective workmanship and material used in its
construction.

4. SAME—*Approaches Not Designed to Support Bridge Abutments.*
Where a contract for the construction of a bridge does not provide
that the approaches shall be so built as to support the abutments, the
abutments should be so constructed that they, without the approaches,
will support the bridge.

Appeal from Trego district court; ISAAC T. PURCELL, judge.
Opinion filed June 11, 1921. Affirmed.

*D. R. Hite,* of Topeka, and *Herman Long,* of Wa Keeney, for
the appellants.

*John R. Pardons, W. L. Sayers, J. O. Sayers,* and *J. S.
Parker,* all of Hill City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered a judgment against
the defendants for damages sustained by reason of defective
work and materials in a bridge built by the Topeka Bridge &
Iron Company for the plaintiff, and the defendants appeal.

The bridge company entered into a contract with the plaintiff to build a cement bridge, according to certain plans and specifications, on the county line between Trego and Graham counties for $2,145, and gave a bond in that sum, signed by the bridge company and by the Lion Bonding & Surety Company, for the construction of the bridge in strict accordance with the plans and specifications, and for the indemnification of the plaintiff against any loss or injury which it might sustain by reason of any defect in workmanship, design, quality, or quantity of materials used in the bridge during the term of four years from and after its completion. The bridge was washed out and destroyed by high water within four years after it was completed.

The jury returned a verdict in favor of the plaintiff for $2,347.31, the amount paid to the bridge company for the construction of the bridge together with interest thereon. The answers of the jury to special questions showed that the bridge company did not construct the bridge in accordance with the plans and specifications; that the workmanship on the bridge was poor; that materials used in its construction were defective and of a grade inferior to that called for in the plans and specifications; that the poor workmanship and defective materials caused the bridge to give way under the pressure of high water; and that it would have been impossible to have repaired the bridge at any time after its completion.

1. The defendants complain of the following instruction:

"If you find by a preponderance of the evidence that the bridge in question was defective, either by reason of a defect in workmanship, design, quantity or quality of material used in its construction, and that such defect resulted from failure on the part of said bridge company to construct said structure in accordance with the plans and specifications set out in the contract, and if you further find that the plaintiff suffered any loss by reason of such defect or defects, then you will find for the plaintiff for whatever loss the evidence establishes that the plaintiff has suffered, not exceeding, however, the sum of $2,145 with interest from May 30th, 1918; unless you should further find that the collapse of said bridge was the result of the negligence of the plaintiff in improperly loading said bridge and constructing the approaches thereto, in which case your verdict should be for the defendant."

Two objections are urged to this instruction; one is, that it permitted the jury to find breaches of the contract other

than those alleged in the petition; and the other·is, that there was no evidence to show the amount of damage sustained by the plaintiff. The answers to the special questions showed a number of breaches of the contract, but an examination of those answers and of the petition reveals that all the breaches shown by the answers were within the allegations of the petition. It is thought not necessary to set out the allegations of the petition or the answers to the questions for the purpose of showing the correctness of this conclusion. The petition alleged that $2,145 was paid by the plaintiff to the bridge company for the building of the bridge, and the answers to the special questions showed that the bridge was worthless and useless; the damage then must have been the contract price with the interest thereon. But the defendants urge that the plaintiff paid only one-half of the contract price, and that Graham county paid the other half. The contract was made with Trego county; Graham county does not appear to have been a party to it. The $2,145 was paid by Trego county; but it appears that Graham county reimbursed Trego county for one-half of that amount. It may be that Trego county will be responsible to Graham county for one-half of the amount of the judgment after it is collected, but that does not concern the defendants if Trego county had the right to maintain this action for the entire amount. The contract and the payments give to Trego county the right to maintain this action for the full amount of the loss sustained by reason of the defective construction of the bridge. (Civ. Code, § 27.)

2. Complaint is made of the evidence introduced to show that defective workmanship and materials were used in the construction of the bridge. Sometime after it had broken down, one of the piers or abutments was opened by exploding dynamite in it, and material taken from the inside of the pier was introduced in evidence. That material could be crushed by the fingers, and showed that shale, a material not called for in the contract, was used in mixing the concrete for the pier. It is argued that the explosion of the dynamite would have a tendency to crush the concrete and make it friable. This criticism of the evidence cannot be sustained; in addition there was other evidence to show that the workmanship and

materials used in the abutment were defective—an opening into the abutment for the purpose of introducing the dynamite was readily made with a bar of iron without the use of a hammer. That could not have been done if the concrete had been properly mixed and composed of proper materials. There was other evidence to show that the concrete was not properly mixed—the sand and cement were in separate layers and in pockets in the abutment.

3. Large cracks appeared in the bridge before it was destroyed. The defendants insisted that those cracks could have been repaired at an expense not exceeding $450. There was evidence to show that the cracks which appeared before the bridge washed out could have been repaired for that sum, but that did not include replacing the defective material in the bridge by other material of the kind and character required by the specifications. The cracks might have been repaired, but repairs could not remedy the defective workmanship or materials. That could be done only by replacing the bridge with a new one properly constructed with the kinds of materials called for by the plans and specifications. The jury found that it would have been impossible to repair the bridge at any time after its completion. That must have been true if defective workmanship and materials were used.

4. Another question was presented by the defendants. The contract provided for the construction of a bridge, not for making the approaches thereto. Trego and Graham counties built the approaches. Complaint is made of the construction of the one built by Trego county. The defendants argue that its proper construction was necessary to support the abutment and keep it from giving away under the weight of the bridge during high water. The approach was made of earth thrown against the pier. In answer to special questions the jury found that this approach was sufficient to withstand the action of the water in case of freshet, and that the washing away of the approach was not the proximate cause of the collapse of the bridge. The approach might have been made of piles, none of which would have touched the pier and would not have given it any substantial support. Neither the contract nor the plans and specifications provided that the approaches

should support the pier. It should have been constructed under the contract in such a way that it alone would support the bridge.

The judgment is affirmed.

DAWSON, J., not sitting.