## TOPEKA BRIDGE & IRON CO. et al. v. BOARD OF COUNTY COM'RS et al.

No. 15797—Opinion Filed Oct. 13, 1925.

**1. Bridges—Guaranty — Liability of Contractor for Collapse of Bridge.**

The county may sue the builder of a defective bridge and may recover on a contract which guarantees against failure of construction on account of a defect of design. Where the contractor is bound by contract to examine the proposed location and the plans and specifications, and by submitting a bid signifies his approval of them, and further guarantees the proposed work for four years after completion, against failure on account of defects of design, workmanship, or materials, and secures said guaranty by a surety bond, and where within said period said bridge collapses, the contractor cannot be heard to defend on the ground that the design of the bridge was unsuitable to the location, since it was the contractor's duty to examine said location, and since the contract and guarantee was entered into with the contemplation on the part of the parties thereto that said contractor should build a bridge suitable to said location.

**2. Same—Amount of Recovery by County.**

Where it appears that the bridge constructed by the contracting company was worthless and useless and that said company was liable under its guarantee, the damage the county was entitled to recover is the contract price, plus the interest.

**3. Appeal and Error—Review — Sufficiency of Evidence in Law Case Tried to Court.**

In a law case tried to the court, the jury being waived, the appellate court does not weigh the evidence, and when there is evidence in the record which reasonably tends to support the finding and judgment of the trial court, such finding is conclusive upon the Supreme Court.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Major County; James B. Cullison, Judge.

Action by the Board of County Commissioners of Major County, Okla., et al. against the Topeka Bridge & Iron Company et al. Judgment for plaintiffs, and defendants bring error. Affirmed.

D. R. Hite, McKeever, Moore & Elam, and Maurice D. Friedberg, for plaintiffs in error.

A. R. Hughes, Co. Atty., C. K. Carey, and Tom E. Willis, for defendants in error.

Opinion by LYONS, C. The plaintiffs in error appeal from a judgment rendered against them in the court below in the sum of $2,594, being the contract price for the erection of a bridge which the court found was the amount of the county's damage by reason of the collapse and destruction of said bridge, due to improper construction.

The cause was tried to the court without a jury. The first assignment which is presented is that the judgment of the court is contrary to the evidence. This is a law case, and we cannot weigh the evidence. The case is here as if it had been tried by the court with a jury, and judgment rendered on the verdict. An examination of the record discloses that there is substantial evidence which tends to support the judgment, and the judgment having been rendered on conflicting testimony, the finding of the trial court in a law action is final and is binding on the appellate court under a long line of authorities, which need not be cited.

The only other assignment of error which requires discussion is based on the contention of the bridge company that the collapse of the bridge was due to a defect therein, in that said bridge was not long enough for the location at which it was constructed. The bridge company contends that it did not examine the location at which the bridge was to be placed, but relied upon plans and specifications drawn by the county engineer, which it adopted. The testimony as to the examination of the location by the engineers of the bridge company is in conflict, but whether such examination was made or not cannot be material in our view, by reason of the following clause of the contract:

"The contractor shall examine the proposed location and the plans and specifications, and by submitting a bid for them shall signify his approval of them and shall guarantee the proposed work for four years after completion against failure on account

of any defects of design, workmanship, and materials, said guarantee to be secured by the surety bond accompanying this contract."

We think, therefore, that the bridge company specifically contracted and bound itself to examine the proposed location, and guaranteed the proposed work for four years after completion against failure on account of any defects of design. Since it was the duty of the bridge company to examine the location, and since it guaranteed its work against failure by reason of defects of design, it cannot be heard to say that it is not liable because the design was unsuitable to the location. We think that the admitted cause of collapse is plainly attributable to a failure in design, and that therefore the bridge company is liable. See the following authorities: 4 Ruling Case Law, p. 202, sec. 9; Union Trust Co. v. Cuppy, 26 Kan. 754; City of Lake View v. MacRitchie (Ill.) 25 N. E. 663; Condict v. Onward Const. Co. (N. Y. App.) 103 N. E. 886; Board of Co. Com. v. Topeka Bridge & Iron Co. (Kan.) 198 Pac. 954.

The last decision above cited states the general rule as to the measure of damages in a case like the instant controversy. Therefore, the trial court properly held that the contract price, with interest, represented the damage sustained by the county.

We find no error in the record, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. p. 443, § 25 (Anno); anno. 32 L. R. A. (N. S.) 968; 4 R. C. L. p. 222. (2) 9 C. J. p. 443, § 25 (Anno). (3) 4 C. J. p. 879, § 2853.